FRANKLIN P. GOODWIN *vs.* EDWIN D. SELBY.

*Discharge of Insolvent—Petition to Annul order of Discharge—Laches of Creditor—Pleading and Practice.*

Section 21 of Article 47 of the Code provides "that any creditor may file allegations of fraud at any time within two years after the time of the final discharge of an insolvent, and have issues made thereon and tried by a jury, and, if such issues be found against the insolvent, his discharge and release shall be annulled and rescinded." HELD:

That the Legislature never meant that a creditor should stand by and allow the insolvent to be discharged without objection, and then, at any time within two years thereafter, file a petition to annul the order of discharge on the ground of fraud, of which he had full knowledge prior to the discharge.

A petition under section 21, of Article 47, of the Code to rescind and annul an order discharging an insolvent ought to allege specifically the fraudulent acts of the insolvent relied on, and the issues framed thereon ought to submit the finding of such fraudulent acts to the jury.

A petition under said section which fails to aver that the fraudulent acts of the insolvent complained of were unknown to the petitioner prior to the final order of discharge, is fatally defective.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before Alvey, C. J., Robinson, Bryan, Fowler, Page, and McSherry, J.

*Charles E. Fink*, (with whom was *William S. Keech*, on the brief,) for the appellant.

*Edward N. Rich*, (with whom was *William S. Bryan, Jr.*, on the brief,) for the appellee.

Robinson, C. J., delivered the opinion of the Court.

The appellant, Goodwin, applied in the Circuit Court for Baltimore County, for the benefit of the insolvent laws, and on the 1st of December, 1890, he was, by the order of the Court, finally discharged. On the 26th September, 1892, more than *twenty-one months* thereafter, a petition was filed by the appellee to rescind and annul the order of discharge, on the ground of fraud. The fraudulent acts specifically set forth in the petition are: First, the execution of a deed of trust by the insolvent within a year prior to his application for the benefit of the insolvent laws; and secondly, the confession of a judgment by him in favor of Herr Bros., when he was insolvent, and had no reasonable expectation of being exempted from liability on account of his debts, without petitioning for the benefit of the insolvent laws. In addition to these specific fraudulent acts, the petition charges generally, that the insolvent had fraudulently conveyed and disposed of his property to delay, and defraud his creditors.

Upon the petition issues were framed for trial by a jury, and this appeal is from an order of the Court overruling exceptions filed by the insolvent to these issues.

There is no allegation that these fraudulent acts were *unknown to the petitioning creditor prior to the final dis-*

*charge* of the insolvent. On the contrary, the contention is that a creditor may at any time within two years after the final discharge of an insolvent, file allegations of fraud, and have issues framed thereon for trial by a jury, and, if such issues be found against the insolvent, the final order of discharge shall be annulled; and this, too, even though the creditor had knowledge of the fraud prior to the order of discharge, and did not file any objections to the discharge of the insolvent. And in support of this contention, the appellee relies upon section 21 of Article 47 of the Code, which provides "that any creditor may file allegations of fraud at any time within two years after the final discharge of an insolvent, and have issues made thereon and tried by a jury, and if such issues be found against the insolvent, his discharge and release shall be annulled and rescinded." Now, in construing this section, it must be borne in mind, that Courts do not derive the power to set aside judgments and decrees on the ground of fraud from statutory law. It is a power inherent in Courts, to be exercised according to well settled principles of law, and the object of the statute was for obvious reasons to limit the exercise of this power, in cases of insolvency, within a certain time after the final order of discharge. And in providing that a creditor may file allegations of fraud at any time within two years after the final order of discharge, the statute does not, it is true, in terms limit the exercise of this right to cases in which the creditor had no knowledge of the fraud prior to such discharge, yet it is a fundamental rule of law, that Courts will never strike out a judgment or annul a decree regularly entered, unless such judgment or decree was entered by surprise, fraud, or accident, or on some ground which appeals to the exercise of the equitable powers of the Court. And we cannot for a moment suppose that the Legislature intended to except a final discharge in insol-

Goodwin *vs.* Selby.

vency from the operation of this salutary rule. It can hardly be necessary to say, that a creditor has the fullest opportunity, under the insolvent law, to file objections to the insolvent's discharge. In the first place, it is made the duty of the preliminary trustee, by publication in the newspapers, and by letter through the mail, to notify creditors of the time and place of meeting for the appointment of a permanent trustee; and the statute further provides, that "it shall be the duty of the debtor at such meeting to answer under oath, any interrogatories of the creditors  *  *  *  touching his property and the disposition of the same, his indebtedness, the judgments and suits against him, and as to any matter relating to his business." And in addition to these provisions, the Judges of the several Courts may "order the insolvent to appear and answer such interrogatories and allegations as his creditors  *  *  *  may propose." And if the creditors shall fail to make any allegations, or propose any interrogatories, or if the same shall be answered satisfactorily, or determined in favor of the insolvent, he shall be discharged. Having thus made provision for the fullest inquiry in regard to all matters concerning both the conduct and the property of the insolvent, and having provided the fullest opportunity for creditors to file objections to his discharge, the Legislature never meant that a creditor should stand by and allow the insolvent to be discharged without objection, and then, at any time within two years thereafter, file a petition to annul the order of discharge on the ground of fraud, of which he had full knowledge prior to the discharge; it never meant, in applications to rescind an order of discharge in insolvency, that Courts should be governed by a rule different from that by which they are governed in motions to strike out an ordinary judgment or decree. The petition in this case is, therefore, it seems to us, fatally defective, because it does not aver

Goodwin *vs.* Selby.

that the fraudulent acts of the insolvent now complained of, were unknown to the petitioner prior to the final order of discharge.

And here we might rest our judgment, but as the matter was fully argued by both sides, and the question being one of importance in cases of this kind, we have no hesitation in saying, that a petition under sec. 21, Art. 47, ought to allege specially the fraudulent acts of the insolvent, which are relied on, and that the issues framed thereon, ought to submit the finding of such fraudulent acts to the jury.   This is absolutely necessary, not only for the purpose of informing the parties as to the real questions at issue before the jury, but also, in case the issues be found against the insolvent, to enable the Court to enter the proper judgment upon the verdict. And, if the petition in this case had contained the proper allegations, *the first and sixth issues are the only issues* properly framed.   They are the only issues, because by them *the specific fraudulent acts of the insolvent* are submitted to the jury; namely, whether by the deed of trust dated November 5, 1889, the insolvent intended to delay or defraud his creditors, or expected to receive a profit or benefit therefrom to himself.   And by the sixth, whether at the time of the confession of the judgment in favor of Herr Bros., the insolvent had any reasonable expectation of being exempted from liability on account of his debts, without petitioning for the benefit of the insolvent laws?   The petition being fatally defective, it must be dismissed.

*Order reversed, and*
*petition dismissed.*

(Decided 20th June, 1893.)